50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janice Carole SENDELBACH, Plaintiff-Appellant,
v.
MOTOROLA, INC., a Delaware corporation, Defendant-Appellee.
 No. 93-16344.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided March 23, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Janice Sendelbach appeals the district court's grant of summary judgment in favor of Motorola, Inc., her former employer. In this diversity action, Sendelbach alleges wrongful discharge and breach of the implied covenant of good faith and fair dealing. Sendelbach also seeks attorney's fees and costs on appeal. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332 and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the judgment of the district court.
 
 
 3
 * Sendelbach was employed by Motorola from 1984 to September 1988. Sometime in July 1987, she suffered an on-the-job injury to her upper right hand. After seeing a physician, Dr. Crothers, Sendelbach was diagnosed with carpal tunnel syndrome. Motorola accepted her worker's compensation claim and paid her temporary compensation and medical benefits, including hand therapy.
 
 
 4
 About a year after the original injury, Motorola arranged surveillance of Sendelbach and recorded some of her daily activities on videotape. The videotape depicted Sendelbach using her right hand to open and close doors, polish the windshield of her car and drive without her splint. Motorola also referred Sendelbach to Dr. Lipton, an independent physician, for a medical exam in June 1988. After viewing the videotape, Dr. Lipton examined Sendelbach. She told him that she could not open a door with her right hand, that she had difficulty steering while driving and that she could hardly use her right hand at all. Dr. Lipton found no definite abnormalities in Sendelbach's hand and concluded that she could return to her old job.
 
 
 5
 Dr. Crothers then viewed the videotape, after which he met with Sendelbach. After this meeting, Dr. Crothers concluded that he did not think Sendelbach suffered from "measurable permanence." Motorola reviewed these reports and conducted further investigation of Sendelbach's claim. On September 14, 1988, Motorola terminated Sendelbach on the ground that she misrepresented her medical condition.
 
 II
 
 6
 Sendelbach contends that Motorola discharged her in retaliation for filing a workman's compensation claim. The State of Arizona recognizes a cause of action for wrongful termination if an employer terminates an at-will employee in retaliation for filing a worker's compensation claim because such a termination is against Arizona public policy. Douglas v. Wilson, 774 P.2d 1356, 1358-59 (Ariz.Ct.App.1989).
 
 
 7
 In support of this allegation, Sendelbach asserts, "If Motorola did not have sufficient evidence that she had misrepresented her condition or if Motorola did not properly investigate Ms. Sendelbach's claim, and merely used this reason as a pretext to discharge her, then the reason for discharge would clearly be that she had filed a worker's compensation claim and Motorola did not want to pay her disability benefits any longer." (Blue Brief at 23.) This statement is a bare conclusory allegation and Sendelbach offers no evidence to support a connection between Sendelbach's termination and the filing of the workman's compensation claim.
 
 
 8
 Motorola contends that it terminated Sendelbach for misrepresenting her medical condition. In opposition, Sendelbach introduced affidavits of her son, hand therapist and herself to refute Motorola's claim. This evidence offered by Sendelbach may draw into question the correctness of Motorola's conclusion that Sendelbach misrepresented her condition. However, it does not support an inference that Motorola terminated Sendelbach to avoid paying worker's compensation payments. Thus, the district court was correct in determining that Sendelbach presented no evidence to support her claim that Motorola terminated her in retaliation for filing a workman's compensation claim. Her wrongful termination claim fails.
 
 III
 
 9
 Sendelbach also claims that Motorola breached the covenant of good faith and fair dealing. The implied covenant "protects the right of the parties to an agreement to receive the benefits of the agreement that they have entered into." Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1040 (Ariz.1985). As with the wrongful termination claim, Sendelbach has failed to present any evidence that she was deprived of any benefits earned during the course of employment.
 
 
 10
 She filed a claim for disability benefits which were paid from the time she filed for them until her termination with the company. Sendelbach has failed to present any evidence that she was deprived of a job benefit to which she was entitled during the course of her employment. Thus, her second claim also fails.
 
 IV
 
 11
 We affirm the district court's grant of summary judgment in favor of Motorola on all of Sendelbach's claims. Because she is not a prevailing party on appeal, Sendelbach's claims for attorney's fees under Ariz.Rev.Stat. Sec. 12-341.01 and costs under Fed.R.App.P. 39(a) are denied.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3